## State *v.* Michael McCarty.

A motion to quash a criminal complaint, upon the ground of a defect of process, is addressed to the discretion of the court, and is deemed to be waived by the prisoner by his submitting, without objection on account of it, to a trial upon the merits. It comes too late when not made until the case has reached the appellate court, after a trial of the case on the merits in the court below; and this especially holds where the defect alleged is in a recognizance for costs required by law to be given by the prosecutor.

Nor can a defect in such a recognizance be taken advantage of by the prisoner upon a motion in arrest in the appellate court, after a trial upon the merits, without objection on account of it, in the court below; the same being deemed to be waived by the prisoner under such circumstances.

A recognizance for costs given by a prosecutor of a criminal complaint for an assault and battery, with condition "to prosecute the complaint with effect, or in default thereof to pay the costs that may accrue thereon," is in substantial compliance with the statute requiring such recognizance to be given, with condition, "to prosecute such complaint *to final judgment* with effect, or in default," &c.

THIS was a complaint and warrant for assault and battery issued by the court of justices of the city of Newport, against the defendant and others, upon the complaint of one Christopher Fitzpatrick, upon which, the defendants having been arraigned, and having pleaded not guilty, were convicted in the court of justices. The defendant, McCarty, appealed to this court, and the appeal coming on for trial before the chief justice, sitting with a jury—

*Sheffield,* on the part of the defendant, before the case was opened to the jury, moved that the complaint and warrant be quashed, on the ground that the recognizance for costs, required by law to be taken by a magistrate before issuing his warrant in such case, was not in this case taken in the form prescribed by the statute. The form of the condition of the recognizance required by the statute (Dig. 1844, pp. 401, 402,) was, " to prosecute such complaint to final judgment with effect, or in default thereof to pay the costs that may accrue thereon." The recognizance in this case taken by the court of justices was, with condition " to prosecute the complaint with effect, or in default," &c., omitting the words, " to final judgment." The point was reserved by the sitting judge, to be heard upon renewed motion, before the full court, with the same effect as if now made; and the trial proceeding, and the defendant having been again convicted, the motion to quash for the cause aforesaid, was renewed before the full court.

, , *Sheffield,* for the motion, referred to " the act concerning crimes and punishments," sect. 135, (Dig. 1844, p. 401,) for the form of the condition of a recognizance for costs in case of a complaint for threats to commit an offence against the person and property of another; and to sect. 139, of the same act, (Dig. 1844, p. 402,) that a recognizance for costs in the same form was required before the magistrate could issue his warrant on a complaint for an assault and battery, which was, or was declared to be in the complaint, within the jurisdiction of a justice of the peace to try and determine. He contended that the words, " to prosecute the complaint with effect," were not equivalent to the words " to prosecute the complaint *to final judgment* with effect;" the former being satisfied by a conviction procured in the court below, however the complaint might be disposed of on appeal; whereas, the condition required was intended to cover the costs, if the prosecutor were unsuccessful either above or below. He referred, as analogous, to the condition of a bond for a civil appeal, which was " to prosecute the appeal with effect," and which had always been held satisfied by the due entry of the appeal in the court above, however it might be disposed of on trial..

*Van Zandt,* for the prosecutor, argued shortly, that the precise words of the statute need not be pursued in the form of the condition of. the recognizance, provided the substance be observed ; and that " to prosecute a complaint with effect," meant to " final judgment," that is, to final effect.   He also contended that the defendant appeared, pleaded not guilty, and was convicted below, and that even if there were any thing in the objection, it came too late now, for the first time, on appeal.

*Sheffield,* in reply, took a distinction between a defect in the warrant, which might be cured by pleading over, and a defect in the substance of the recognizance, which, as a statute condition of the issuing of the warrant, he contended was not so cured.

Ames, C. J., The motion, even if it could have prevailed, for the cause shown, in any stage of the proceedings, comes too late.   A motion to quash criminal process is always addressed to the discretion of the court, and is never granted unless by this short dealing the ends of justice can be as well attained, and the rights and equities of the parties as well observed, as by allowing the cause to go on to its termination in the accustomed .mode.   1 Chitty's Crim. Law, 299–303.   *Commonwealth* v. *Eastman et al.* 1 Cushing, 189, 214.   The English practice is to refuse, in general, to quash an indictment after the prisoner has pleaded to it ; and always, unless another good indictment has been first found.   1 Chitty's Crim. Law, 303.

In this case the defendant not only, without any objection to the process so far as appears, pleaded to the complaint, but was convicted on it, and now first makes this objection in the appellate court ; and we are of opinion that where the magistrate has jurisdiction, and the objection is as here, only to process, the defendant waives the objection by not taking it before the magistrate.   In this we are directly supported by a recent decision of the supreme court of Massachusetts.   *Commonwealth* v. *Henry,* 7 Cushing, 512, 513.

A distinction is taken, in this respect, by the counsel for the defendant, between an error in the complaint and warrant, and an error in the recognizance.   The distinction taken clearly makes against the party taking it.   The recognizance is merely

intended as security for costs; and is, in no other sense, a condition to the issuing of the warrant or entertaining of the complaint by the magistrate, than the indorsement of a civil writ, sued out by a plaintiff who is not an inhabitant of this state, by some sufficient person who is, as surety for costs, is a condition, under the statute, of the due service of such a writ. In either case, the absence of the proper recognizance or of a' sufficient surety may, at the proper stage of the proceeding, be objected with effect; but in either case, so far as the defendant, at least, is concerned, may be and is waived by him, when by answering over, and taking his trial on the merits in the court below, he elects his chance of an acquittal or of obtaining a judgment, and of thus finally disposing of the accusation or cause. The injustice to the prosecutor, who is without fault, he giving the recognizance required by the magistrate, of permitting such an objection, first made by the defendant in the appellate court, to prevail, is apparent. By being allowed to save his objection to the recognizance for costs until he gets into the appellate court, the defendant takes his chance of an acquittal below at the expense of the prosecutor, who thus may be made to pay for the mistake of the magistrate, not the comparatively light costs which would accrue against him were the objection early taken, but the whole expense of the trial of the merits below, though his accusation turn out to be just, purposely loaded upon him by the cunning reserve of the defendant.

It having been intimated to us by the counsel for the defendant, that if this motion fails, he shall interpose a motion in arrest of judgment for the same cause, we, at his request, and as the cause is a small one, will proceed to decide it, as if that motion were actually made. Considering the recognizance as a mere security for costs, and the objection to it as having been waived by the conduct of the defendant, many of our remarks, made concerning the motion to quash, apply, with equal force, to the motion in arrest, supposed for the speed of the cause to have been made.

Besides, we are all of opinion that the recognizance taken by the court of justices of the city of Newport in this case, does substantially comply with the statute requisition; and in

such a matter, so that the substance be observed, a literal compliance with the words of the statute is unnecessary. " To prosecute a complaint with effect," necessarily intends to " final effect or judgment;" that is, as the phrase imports no limitation, "*with effect*," so far, and in such court or courts, as the law allows or requires it to be prosecuted. The additional words of the statute " to final judgment " seem to us, therefore, merely pleonastic, and inserted from abundant caution, to exclude the possibility of a doubt, as to the extent of the liability of the recognizor and his surety.

The analogy suggested between the words of the condition of the recognizance required by the statute, and the words of the condition of a civil appeal bond, in our opinion, entirely fails. " To prosecute such *appeal* with effect, and in default thereof, to pay costs,"—the language of the condition of a civil appeal bond under our statute regulating appeals from the court of common pleas to the supreme court—has always been construed in practice to be satisfied by the due entry of the appeal in the appellate court, without regard to the fate of the appeal, there, upon trial. The limited amount of the penalty of such a bond, as fixed by the statute, to wit, one hundred dollars, certainly gives countenance to such a construction; but whether right or wrong as an original question, this construction has prevailed too long now to be questioned. " To prosecute" such an appeal, in the sense of such a bond, means therefore to duly enter it above; and when this is done, under our practice, the judgment below is vacated, *the appeal*, in the sense of the bond, is prosecuted, and the *cause* stands for trial in the court above in precisely the same guise, and with precisely the same duties and liabilities on the part of the plaintiff and defendant, so far as the course of the trial is concerned, as it stood in the court below before any trial was had. " *The complaint* " which by the terms of the recognizance in question is to be prosecuted " with effect " is the same complaint, and susceptible of no other name with any propriety, in the court above as in the court below; and the failure to prosecute it with effect in the former would, within the terms of the condition, be as much a breach of the recognizance as a failure to prosecute it with effect in the latter.

For these reasons the motion is overruled, and sentence must be passed upon the prisoner, according to the verdict.

*Sentence passed.*